[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12799
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cr-00168-ELR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA ZUNIGA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 15, 2021)

Before MARTIN, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Joshua Zuniga appeals the District Court for the Northern District of Georgia's ("Northern District") modification of his supervised release conditions to include a requirement that the probation office approve of his mental health program. He argues that the district court was prohibited from modifying this condition under res judicata and collateral estoppel because the District Court for the Middle District of Georgia ("Middle District"), from which his supervised release was transferred, previously refused to modify the condition. After careful review, we affirm.

## I.    BACKGROUND

Zuniga pled guilty to one count of use of interstate and foreign commerce to transmit information about a minor in the Middle District. The Middle District imposed a sentence of 46 months' imprisonment and 5 years' supervised release, which included the following special condition ("Special Condition Five"):

> You shall participate in a mental health treatment program to include any available sexual offender treatment and shall comply with the treatment regimen as directed by your mental health provider(s). You shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

Doc. 1-2 at 5.[1] Notably, no condition referenced polygraph or plethysmograph testing.

---

[1] "Doc." numbers refer to the district court's docket entries.

Less than two weeks after Zuniga was released from custody, he filed a motion in the Middle District for clarification of his supervised release conditions, including Special Condition Five.  Zuniga asserted that his probation officer interpreted the condition as requiring him to undergo polygraph and plethysmograph testing, but the order contained no such requirement.  The Middle District scheduled a hearing to address Zuniga's motion.  At the hearing, the probation officer conceded that Zuniga did not have to undergo plethysmograph testing but argued that he was required to undergo polygraph testing.  Zuniga contended that polygraph testing was appropriate only if required by his treatment program.  Zuniga also pointed out that his supervised release conditions, as written, did not require him to attend a program approved by probation.

The district court agreed that Zuniga had to submit to polygraph testing only if his treatment program required it.  The court suggested making probation's approval of the treatment program Zuniga chose part of his supervised release terms, but the probation officer responded that probation was specifically concerned with including a polygraph test requirement, citing the need for such testing even after treatment concluded.  In response to the probation officer's request that the conditions be modified to require polygraph testing after Zuniga completed the treatment program, the court declined to make the modification but

3

explained that the probation office could make another request upon Zuniga's completion of the program.

About three months after the hearing, Zuniga's supervised release was transferred from the Middle District to the Northern District pursuant to 18 U.S.C. § 3605.  Shortly thereafter, Zuniga's probation officer filed a violation report and petition for summons in the Northern District, alleging that Zuniga had violated the terms of his supervision by failing to remain at his approved sex offender treatment provider, Georgia Counseling Center, and beginning treatment at an unapproved provider.

At a hearing on the violation report in the Northern District, Zuniga admitted that he left the Georgia Counseling Center, but contested that this constituted a violation of his supervised release.  Zuniga argued that Special Condition Five did not give probation any role in approving his treatment program, unlike other conditions that specified probation supervision, or mandate sex offender treatment unless required by the provider.  Additionally, Zuniga produced documents from his mental health provider indicating that he was being treated for sex addiction; thus, he maintained, he was complying with the conditions of his supervised release.

The Northern District agreed that Zuniga had not violated the terms of his supervised release because he was complying with the conditions as written but

4

suggested that he might be "using this [vague] language as [a] loophole[]."  Doc. 16 at 18.  The court determined that the order needed to be "tighten[ed] up" because, as written, Zuniga could switch mental health treatment programs at any point for any reason.  *Id.* at 19.  Accordingly, over Zuniga's objection, the court modified Special Condition Five to include "participation in the mental health aftercare program including a psychosexual evaluation and counseling if deemed necessary and compl[iance] with the conditions of the sex offender contract under the guidance and supervision of the U.S. Probation Officer."  Doc. 10 at 1.

This is Zuniga's appeal.

## II.    STANDARD OF REVIEW

We review the district court's modification of the terms of supervised release for an abuse of discretion.  *See United States v. Serrapio*, 754 F.3d 1312, 1318 (11th Cir. 2014).  We review *de novo* a district court's decision about whether collateral estoppel applies and will uphold the court's factual determinations underlying its legal conclusions unless clearly erroneous.  *United States v. Weiss*, 467 F.3d 1300, 1308 (11th Cir. 2006).  Likewise, we review *de novo* whether res judicata bars relitigation of matters decided in a prior proceeding. *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000).

## III.    DISCUSSION

Zuniga argues that collateral estoppel and res judicata precluded the Northern District from modifying Special Condition Five because the Middle District previously concluded that the condition did not require him to undergo polygraph testing unless mandated by his provider or to obtain probation's approval regarding his treatment program.  We disagree.

Under 18 U.S.C. § 3605, a court to which jurisdiction over a person on supervised release is transferred "is authorized to exercise all powers over the . . . releasee that are permitted" under the statute.  One such power includes the authority to "modify, reduce, or enlarge the conditions of supervised release[] at any time prior to the expiration of the term of supervised release."  18 U.S.C. § 3583(e)(2).  Before modifying the conditions of supervised release, the court "must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation."  Fed. R. Crim. P. 32.1(c)(1).  Here, the Northern District had jurisdiction over Zuniga's supervised release, it held a hearing where Zuniga was represented by counsel, and it had the authority to modify the condition.  Thus, we discern no error in the Northern District's decision to modify Special Condition Five.

Neither res judicata nor collateral estoppel precluded the Northern District from modifying Zuniga's supervised release conditions.  For res judicata to bar a

6

subsequent case, four elements must be present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (internal quotation marks omitted). To invoke collateral estoppel, a party must establish that "(1) the issue in the pending case is identical to that decided in a prior proceeding; (2) the issue was necessarily decided in the prior proceeding; (3) the party to be estopped was a party or was adequately represented by a party in the prior proceeding; and (4) the precluded issue was actually litigated in the prior proceeding." *Weiss*, 467 F.3d at 1308.

Res judicata does not apply because the first element is lacking: there was no final judgment on the merits in the Middle District. The Middle District interpreted Special Condition Five but reserved ruling on whether to modify it or any other conditions of Zuniga's supervision. The court never declared that it was rendering a final decision regarding the conditions or that the conditions could not be modified. Nor could it have, as district courts may modify the conditions of a person's supervised release "at any time" before the term expires. 18 U.S.C. § 3583(e)(2).

As to collateral estoppel, Zuniga is mistaken that the issue on which he attempts to invoke it—whether Special Condition Five could be modified—was

necessarily decided by the Middle District; thus, he cannot establish the second element of collateral estoppel.  The Middle District interpreted the language in Special Condition Five as not requiring polygraph testing unless mandated by his mental health treatment program and did not modify the conditions to explicitly require probation's approval of his treatment program.  And the Northern District did not disagree with the Middle District's interpretation; in fact, the court concluded that Zuniga was in compliance with the conditions as written.  The Northern District simply decided to exercise its authority under § 3583(e)(2) to modify the condition.  The Middle District's interpretation of Special Condition Five did not preclude the Northern District from modifying it—indeed, Zuniga has not identified any authority indicating that a district court's interpretation of a condition of supervised release would bar another district court from subsequently modifying the condition.  What is more, under Zuniga's theory, a court would never be able to modify a term or condition of supervised release that it or another district court previously interpreted or modified.  The theory runs contrary to the plain language of 18 U.S.C. § 3583(e)(2), which authorizes a district court to modify, reduce, or enlarge the conditions of supervised release at any time.

For the foregoing reasons, we affirm the district court's order.

**AFFIRMED.**

8